**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BANCPASS, INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:14-cv-01062-SS** |
| | § | |
| **HIGHWAY TOLL ADMINISTRATION,** | § | |
| **LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Highway Toll Administration, LLC ("HTA") files this Motion to Dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), and would show the Court the following:[1]

## INTRODUCTION

Plaintiff BancPass, Inc. has concocted a series of claims against HTA in an effort to create publicity as opposed to actually seek judicial relief.  As explained below, Plaintiff's claims lack the specificity required for a proper pleading.  Plaintiff cannot point to one contract with which HTA allegedly interfered, cannot set forth any independent tort to support a claim for interference with existing or prospective contracts, lacks standing to seek a judicial declaration regarding contracts to which it is not a party, and has not, and indeed cannot, set forth the proper requirements to allege any kind of claim under either the Sherman Act or the Texas Free

---

[1] Plaintiff's claims are set forth in their Original Petition filed October 29, 2014 and timely removed to this Court on November 24, 20014.  To reduce confusion, HTA will refer to Plaintiff's Original Petition as its Original Complaint as if originally filed in this Court.

Enterprise Act.   Plaintiff's claims are nothing more than an attempt to gain attention. Accordingly, they should be dismissed with prejudice.

Defendant provides electronic tolling services via transponders for customers to attach to their cars and video tolling by license plates to pay highway tolls in various locations throughout the United States.  Plaintiff offers a smart phone application, or "app" known as "PToll," that allows users to pay highway tolls on their smartphones as opposed to paying cash at toll booths or via transponders attached to a car's windshield or license plate. (Pet. ¶¶ 10, 11).   Plaintiff alleges that Defendant has tortiously interfered with its current and prospective contractual relations with its current and prospective customers related to the use of Plaintiff's app for the payment of tolls by rental car customers. (Pet. ¶¶ 24-29 (Count I)). Plaintiff asks for a declaration that rental customers may choose how they wish to pay tolls. (Pet. ¶¶ 30-35 (Count II)). Plaintiff also seeks a declaration that Defendant's potential actions could violate both federal and state antitrust laws. (Pet. ¶¶ 36-42 (Count III)).

What Defendant fails to tell the court is that Defendant is the one that actually has been interfering with the contracts between rental car companies and their customers and that Defendant also has been interfering with HTA's contracts with HTA's customers.  That is what this case should actually be about.  And should this case proceed, HTA reserves the right to bring its counterclaims against Defendant for the damages that Defendant has caused HTA to suffer.

## ARGUMENT

## I.   PLAINTIFFS' TEXAS STATE LAW CLAIMS MUST BE DISMISSED

### A.   Plaintiff Fails to State a Claim for Tortious Interference

To allege a claim for tortious interference with existing or prospective contracts, a plaintiff must show (1) an existing or prospective contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the claimants'

2

injury, and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 923 (Tex. 2013).  Plaintiff has failed to adequately allege an existing or prospective contract that was subject to interference or that actual damage or loss occurred.

Plaintiff has not identified any customer that was interfered with or that tried to use the app and could not. Plaintiff also has not identified any customer that tried to use the app and was unable to pay for a toll because of any of HTA's alleged actions.  Further, Plaintiff claims that Defendant sent requests to Apple iTunes and Google Play to remove the PToll app from their stores. (Pet. ¶ 20). Plaintiff also alleges that Google Play removed the app briefly from its store, though they do not state why. (Pet. ¶ 22). Plaintiff admitted that Google's removal of the PToll app was temporary (Pet. ¶¶ 22, 27).   Indeed, Plaintiff's allegations are vague enough that the removal from Google could have lasted mere minutes.   Plaintiff's alleged contract with Google remains intact and Plaintiff alleges no injury related to an alleged contract with  Apple.

Given these facts as alleged, Plaintiff has failed to allege any actual contract that was interfered with regarding any current or prospective customers.  Further, to the extent that Plaintiff had a contract with Google that HTA allegedly interfered with, Plaintiff failed to allege any damages with specificity. Thus, Plaintiff has failed to allege any actual damages or loss. Accordingly, Plaintiff's claim for tortious interference must be dismissed.

### B.    Plaintiff Fails to State a Claim For Tortious Interference With Prospective Business

Plaintiff alternatively alleges that Defendant sought to interfere with prospective business relationships, such as those with Google and Apple by Defendant writing a letter to those companies.  The Original Complaint contains no allegations of specific or prospective contracts subject to the alleged interference by Defendant.  *See M-I LLC v. Stelly*, 733 F. Supp. 2d 759,

3

774-75 (S.D. Tex. 2010).  Instead, Plaintiff vaguely alleges that Defendant sought to interfere with various contractual relationships, without identifying any such relationships, other than to state that Google "temporarily" removed Plaintiff's "app," but that it was reinstated quickly. (Pet. ¶ 27, 28).    "Without identifying an existing contract that is subject to interference, [plaintiff] has failed to plead adequately the first element of a tortious interference with contract claim." *Stelly*, 733 F. Supp. 2d at 775.  Dismissal is required on that basis.

The elements of a claim for tortious interference with prospective contract are: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an "independently tortious or unlawful" act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring, or it knew that the interference was certain or substantially certain to occur as a result of the defendant's conduct; and (4) the plaintiff suffered actual harm or damage as a result of the defendant's interference.  *Johnson v. Baylor Univ.*, 188 S.W.3d 296, 304 (Tex. App. 2006). "Independently tortious" means conduct that would violate some other recognized tort duty. *Id.* (citing *Wal–Mart Stores, Inc. v. Sturges,* 52 S.W.3d 711, 713 (Tex. 2001)).

Plaintiff also has failed to allege any independently tortious conduct by Defendant that caused consumers to be unable to purchase the PToll app.  Plaintiff does not identify any argument made by Defendant in its September 30 demand letter attached to the Original Complaint as being false or defamatory.  Plaintiff does not allege any other tortious conduct on behalf of Defendant.

Plaintiff has also failed to allege any actual damages.  Plaintiff alleges that the app was unavailable for download by consumers, but does not allege that it lost any sales.  Moreover, the

*AUS 536351187v1*

implication that the PToll app was unavailable for a very short time suggests that consumers could just return later and purchase the app.

Plaintiff fails to plead any facts suggesting a reasonable probability Plaintiff would have entered into any business relationship with any third party, that Defendants knew the alleged interference would occur, or that Defendants' conduct was independently tortious (*i.e.,* violating a recognized tort duty). *See Wal–Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001)). Plaintiff has failed to adequately allege that a willful and intentional act proximately caused damage. Plaintiff further makes no direct allegation that the letter by Defendant was the "but for" cause of the temporary removal by Google. Plaintiff's claim of tortious interference with prospective business relationships should be dismissed.

## II.   THE ORIGINAL COMPLAINT FAILS TO SET FORTH PROPER CLAIMS FOR EITHER FEDERAL OR STATE ANTITRUST VIOLATIONS

### A.   Plaintiff Fails to Allege a Sherman Act Violation

Plaintiff claims that Defendant's *potential* actions would violate the Sherman Act, 15 U.S.C. § 1, *et seq.*, and asks the court to make a declaration based on vague "could be" scenarios. Plaintiff's claims are not clear as to whether they are alleging a claim under Section 1 of the Sherman Act or Section 2. For this reason alone they should be dismissed. But importantly, Plaintiff's claims fail substantively as well, so they should be dismissed with prejudice.

As the Supreme Court explains, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face.*'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (emphasis added)). Though the court must assume that plausible factual allegations are true, "conclusory allegations, unwarranted factual inferences, or legal conclusions" do not enable a complaint to survive a 12(b)(6) motion. *Plotkin v. IP Axess, Inc.*,

5

407 F.3d 690, 696 (5th Cir. 2005).  Plaintiff's attempt at pleading an antitrust claim amounts to nothing more than vague speculation.

To state a violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, a plaintiff must allege that 1) the defendants engaged in a conspiracy, 2) that restrained trade, 3) in a relevant market.  *Apani Sw., Inc. v. Coca–Cola Enter., Inc.*, 300 F.3d 620, 627 (5th Cir. 2002).  As the Supreme Court further explains "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible on its face*.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (emphasis added)).  Though the court must assume that plausible factual allegations are true, "conclusory allegations, unwarranted factual inferences, or legal conclusions" do not enable a complaint to survive a 12(b)(6) motion.  *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  The Court is also not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

To establish monopolization under Section 2 of the Sherman Act, a plaintiff must demonstrate that a defendant either unfairly attained or maintains monopoly power. *El Aguila Food Products, Inc. v. Gruma Corp.,* 301 F.Supp.2d 612, 631 (S.D. Tex. 2003) aff'd, 131 F. App'x 450 (5th Cir. 2005) (s*ee Conwood Company v. United States Tobacco Company,* 290 F.3d 768, 782 (6th Cir. 2002) (citations omitted). "Monopoly power consists of the power to control prices or exclude competition."  *Id. (*citing *Conwood* at 782).  Thus, at the heart of monopolization is the ability to control prices or exclude the competition from the market. *Id.*

Attempted monopolization is described as an unsuccessful attempt to achieve monopolization that is beyond simple risk. *See Multiflex Inc. v. Samuel Moore & Company,* 709 F.2d 980, 990 (5th Cir. 1983).  It requires a showing of a dangerous probability. *Id.*  Plaintiff has

pled nothing of the sort.  Plaintiff provides no information with regard to the market, grounds for claiming that Defendant has the power to control prices, or any probability whatsoever that Defendant has or could achieve a monopoly.

Plaintiff also does not assert a proper geographic market or product market.  As a result, it is impossible to determine whether any actions alleged to have been undertaken by HTA actually impacted a relevant market.  Accordingly, it is unclear whether any impact on competition has occurred.  Further, while Plaintiff asserts a claim for Declaratory Relief that "an agreement not to market PToll to rental car users would create a horizontal market allocation and constitute a per se violation of the Sherman Act and Texas Free Enterprise and Antitrust Act," Plaintiff has not alleged what the agreement was, who was a party to it and how any agreement actually caused antitrust injury in a relevant market.

At best, Plaintiff has alleged that HTA asked Google and Apple to remove the PToll app from their on-line stores.  By Plaintiff's own admission, Apple refused to respond and Google changed its mind in short order.  In fact, Plaintiff provides no direct evidence that Google even took the app down because of a request by HTA.  Thus, this does not result in any type of agreement that could be considered a violation of Section 1 of the Sherman Act.  *See Apani Sw.,* 300 F.3d at 627.  Plaintiff simply asks the court to assume that Google acted in response to a communication from HTA.  This is not sufficient to support a claim under Section 1.  Bare assertions of conspiracy and conclusory allegations will not suffice.  *See Ashcroft* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Plotkin* 407 F.3d at 696.

The facts as alleged also do not result in a viable Section 2 claim.  Plaintiff has not alleged any anticompetitive conduct.  It does not allege that HTA engaged in price predation, cut

off supply chains, or in any way successfully prevented PToll from competing.  In addition to failing to provide evidence that the app was removed from Google temporarily due a request by HTA, Plaintiff alleges no time frame for how long the app was down in the Google store or that any customers tried to download the app during that time.  Plaintiff has also not alleged with specificity that potential customers that were unable to download the app did not later come back and successfully download the app.  Plaintiff's lack of specific actions and specific harm undercuts its claim of a Sherman Act violation.

Further, Plaintiff has not established that it has any standing to bring this claim for declaratory judgment related to alleged antitrust violations.  For a plaintiff to demonstrate standing to obtain declaratory or injunctive relief, he must show that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)); *see also Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 563-64 (5th Cir. 1998) (failure to allege probability of future injury demonstrates lack of standing for declaratory relief); *Hall v. Smith*, 497 F. App'x 366, 374 (5th Cir. 2012) *cert. denied*, 133 S. Ct. 1814, 185 L. Ed. 2d 814 (2013) (same).  Thus, declaratory judgment is only appropriate if a justiciable controversy exists as to the rights and status of the parties—"not merely a theoretical dispute."  *City of San Benito v. Ebarb*, 88 S.W.3d 711, 720 (Tex. App. 2002).

Plaintiff has not alleged an actual, existing controversy between the parties—only a potential agreement that Plaintiff cannot specifically allege exists; accordingly, Plaintiff has no standing to bring this claim.  Declaratory relief exists to resolve actual controversies— not to get

8

the Court to provide legal advice or assistance in marketing a product.  Plaintiff's allegations regarding an agreement proposed at one point by Defendant, but never entered into between the parties, simply does not support a claim for declaratory relief.   Indeed, they border on the frivolous and a waste of the court's time.

      **B.**       **Texas Free Enterprise & Antitrust Act**

Plaintiff's state law antitrust claims fail as a matter of law. Texas law states that the Free Enterprise and Antitrust Act is to be construed in harmony with federal judicial interpretation of comparable federal antitrust statutes.  *See* TEX. BUS. & COM. CODE ANN. § 15.04; *Abbott Labs., Inc. v. Segura*, 907 S.W.2d 503, 505 (Tex. 1995); *Caller-Times Pub. Co. v. Triad Commc'ns, Inc.,* 826 S.W.2d 576, 580 (Tex. 1992).  As Plaintiff's Texas Free Enterprise & Antitrust Act claim must be examined in harmony with federal antitrust laws, the state claims fail on the same grounds as their federal antitrust claim, as discussed above.

## III.    PLAINTIFF LACKS ANTITRUST STANDING AS PLAINTIFF HAS NO DIRECT INJURY

For a plaintiff to possess antitrust standing, the injury claimed must be the direct result of the alleged antitrust violation or competition-reducing behavior.  *Doctor's Hosp. of Jefferson, Inc*. *v. Southeast Medical Alliance, Inc.*, 123 F.3d 301, 305 (5th Cir. 1997).  Plaintiff failed to allege any causal link between any of the conduct attributed to the Defendant and any injury allegedly suffered by the Plaintiff.

Plaintiff has failed to plead any allegations of direct injury. At most, Plaintiff vaguely alleges that its app was temporarily removed from the Google Play store, but offers no connection between an alleged request from Defendant to remove the app and the removal, or any injury from the *temporary* removal. Further, plaintiff has failed to plead any other injury from any other action, other than stating that possible future actions could cause injury. Indeed,

the Original Complaint does not allege that anyone ever read, received, or acted on any of the information in a way that harmed plaintiff.

In addition, even reading into the allegations, Plaintiff might claim that the customers who rent cars and need to pay tolls have been injured.  But Plaintiff does not set forth with particularity how that has occurred in light of the alleged actions of HTA.  Customers could always pay in cash, take alternate routes or choose other rental car companies.  In addition, the app was available from Apple at all times, and was only removed from Google for a brief period of time.  No antitrust injury exists, and so the antitrust claims must be dismissed. Without suffering antitrust injury, a plaintiff lacks standing to sue.  *Phototron Corp. v. Eastman Kodak,* 842 F.2d 95, 98 (5th Cir. 1988).  "It is a well-established rule that a plaintiff does not have antitrust standing to prosecute an economic injury to himself unless that injury corresponds to an injury of the same type to the relevant market."  *Roberts v. Whitfill*, 191 S.W.3d 348, 356 (Tex. App. 2006) (citing *Scott v. Galusha,* 890 S.W.2d 945, 950 (Tex.App.-Fort Worth 1994, writ denied)).

## IV.  PLAINTIFF LACKS STANDING IN ITS CLAIM FOR DECLARATORY RELIEF THAT "CAR RENTAL CUSTOMERS HAVE THE OPTION UNDER THEIR RENTAL AGREEMENTS TO CHOOSE HOW THEY WISH TO PAY TOLLS, INCLUDING THE USE OF PTOLL"

Plaintiff cannot dispute that it is not a party to a consumer's car rental contract.  Indeed, Plaintiff cannot dispute that it is not even a third party beneficiary of such a contract.  A car rental contract is between the car rental company and the company's customer.  Because it is not a party to the contract, and it is not even a third party beneficiary of the contract, it has no standing to bring a declaratory judgment claim about the rights or obligations under the contract. The intent to confer a direct benefit upon a third party "must be clearly and fully spelled out or enforcement by the third party must be denied." *S. Texas Water Auth. v. Lomas*, 223 S.W.3d 304,

10

306 (Tex. 2007).  Texas law is clear that someone who is not a party to a contract or a clear and direct third party beneficiary of the contract, does not have standing to bring a claim on the contract. *See City of Houston v. Guthrie*, 332 S.W.3d 578, 595 (Tex. App. 2009).  In the absence of a clear and unequivocal expression of the contracting parties' intent to directly benefit a third party, courts will not confer third-party beneficiary status by implication.  *Maddox v. Vantage Energy, LLC,* 361 S.W.3d 752, 757 (Tex. App. 2012), reh'g overruled (Mar. 15, 2012), review denied (June 8, 2012) (citing *Tawes v. Barnes,* 340 S.W.3d 419, 425 (Tex. 2011); *MCI Telecomms. Corp. v. Tex. Util. Elec. Co.,* 995 S.W.2d 647, 651 (Tex. 1999)).  Plaintiff is clearly not a party to contracts between rental car companies and their customers and there is no evidence whatsoever that Plaintiff is a clear and direct third party beneficiary to any of those contracts. As a result, Plaintiff has no standing to bring this claim.

## CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted.  It has not alleged any actual contracts with which HTA has interfered, it has not alleged any damages suffered with any specificity, and it lacks standing to bring both the antitrust claims and the declaration of rights of a car renter's contract with a rental car company.  Plaintiff's claims should be dismissed with prejudice.

WHEREFORE, Defendant respectfully asks this Court to dismiss Plaintiff's claims with prejudice and award such further relief, both at law and in equity, to which it may be entitled.

*AUS 536351187v1*

Dated:  December 1, 2014

GREENBERG TRAURIG LLP

By:     */s/ Gregory J. Casas*
         Gregory J. Casas
         State Bar No. 00787213
         E-Mail:  casasg@gtlaw.com
         Elizabeth Ross Hadley
         State Bar No. 24063085
         E-Mail:  hadleye@gtlaw.com
         300 West 6th Street, Suite 2050
         Austin, Texas 78701
         Telephone: (512) 320-7200
         Facsimile:  (512) 320-7210

         **Attorneys for Defendant Highway
         Toll Administration, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

      I, the undersigned counsel do hereby certify that on this 1st day of December, 2014, I electronically filed the foregoing with the Clerk of the Court through CM/ECF system, which shall send electronic notification of such filing to all counsel of record in this case, and served any non-ECF participants by Registered E-mail.

         */s/ Gregory J. Casas*
         Gregory J. Casas

*AUS 536351187v1*