IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BANCPASS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HIGHWAY TOLL ADMINISTRATION, LLC,<br><br>    Defendant. | Civil Action No. 1:14-cv-01062-SS |

**DEFENDANT HIGHWAY TOLL ADMINISTRATION, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Highway Toll Administration, LLC ("HTA") and files its Original Answer and Affirmative Defenses to Plaintiff's Original Petition and would respectfully show unto the Court the following:

1.  HTA admits BancPass has brought this action against HTA, but denies any liability therein.

### I.   SUMMARY OF THIS ACTION[1]

2.  HTA denies the allegations set forth in paragraph 2 of Plaintiff's Original Petition.

3.  HTA denies the allegations set forth in paragraph 3 of Plaintiff's Original Petition.

---

[1] All of the headings are taken from Plaintiff's Original Petition. HTA includes them here for ease of understanding the answer. HTA does not agree with the allegations contained in these headings. To the extent a heading or sub-heading contains allegations, conclusions, or comments, HTA denies all such allegations, conclusions or comments.

4. HTA denies the allegations set forth in paragraph 4 of Plaintiff's Original Petition.

## II.   DISCOVERY CONTROL PLAN

5. Plaintiff's statement does not require an admission or denial.

## III.   PARTIES

6. HTA lacks sufficient information to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Original Petition.

7. HTA admits that it is a New York limited liability company that has registered to do business in Texas to the extent that it has employees in Texas. HTA also admits that it has no designated agent for service of process in Texas. The remaining statements in paragraph 7 are legal conclusions that do not require either an admission or a denial.

## IV.   JURISDICTION AND VENUE

8. HTA admits that it has business contacts in Texas and that this Court may exercise personal jurisdiction over it because of its contacts in Texas. HTA denies any and all allegations set forth in paragraph 8 of Plaintiff's Original Petition to the extent that plaintiff alleges that any of HTA's contacts in Texas are actionable or that they give rise to any claims or causes of action, or that HTA is liable to Plaintiffs in any way. HTA denies all remaining allegations in paragraph 8. HTA further specifically denies that it has committed torts in Texas and denies all allegations of tortious interference with Plaintiff's business relations in Texas.

9. HTA admits that venue is appropriate in Travis County, Texas, but denies all remaining allegations set forth in paragraph 9 of Plaintiff's Original Petition.

## V.     STATEMENT OF FACTS

10.     HTA lacks sufficient information to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Original Petition.

11.     HTA admits upon information and belief the allegations set forth in the first sentence of paragraph 11 of Plaintiff's Original Petition. HTA denies all allegations set forth in the second sentence of paragraph 11 of Plaintiff's Original Petition.

12.     HTA admits upon information and belief that PToll is available on Apple iTunes and Google Play, but does not have information sufficient to either admit or deny the remaining allegations set forth in paragraph 12 of Plaintiff's Original Petition.

13.     HTA admits the allegations set forth in paragraph 13 of Plaintiff's Original Petition, but denies that any allegations therein are actionable or give rise to any claims or causes of action, or that HTA is liable to Plaintiff for any such alleged actions.  HTA further states that Plaintiff has taken statements on HTA's website out of context and denies any liability from such statements.

14.     HTA admits that it provides toll processing services to rental car companies through both: (1) radio-frequency identification toll tags that are charged to HTA's account when a rental car driver uses the tag to pay a toll; and (2) by HTA registering rental car license plate numbers with toll agencies (such that when a license plate is captured the toll is charged to HTA's account, which is paid by the consumer), as set forth in paragraph 14 of Plaintiff's Original Petition.  HTA states further that the allegations in this paragraph are an over simplification of the services HTA offers.  It denies all remaining allegations set forth in paragraph 14.

15. HTA denies the allegations set forth in paragraph 15 of Plaintiff's Original Petition, and affirmatively states that the contracts between HTA and its customers are confidential documents. Further, HTA does not contract with the rental car customers and has no control over the contracts between the rental car companies and their customers.

16. HTA denies the allegations set forth in paragraph 16 of Plaintiff's Original Petition.

17. HTA denies the allegations set forth in paragraph 17 of Plaintiff's Original Petition.

18. HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter. HTA denies all remaining allegations set forth in paragraph 18 of Plaintiff's Original Petition.

19. HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter. HTA denies all remaining allegations set forth in paragraph 19 of Plaintiff's Original Petition.

20. HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter. HTA denies all remaining allegations set forth in paragraph 20 of Plaintiff's Original Petition.

21. HTA denies the allegations set forth in paragraph 21 of Plaintiff's Original Petition.

22.     HTA does not have information sufficient to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Original Petition, and further denies any liability therein.

23.     HTA denies the allegations set forth in paragraph 23 of Plaintiff's Original Petition.

## VI.     CAUSES OF ACTION

### COUNT I

24.     HTA restates its responses to paragraphs 1-23 in response to the allegations set forth in paragraph 24 of Plaintiff's Original Petition.

25.     HTA does not have information or knowledge sufficient to either admit or deny the allegations set forth in paragraph 25 of Plaintiff's Original Petition.

26.     HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter, and further denies all remaining allegations set forth in paragraph 26 of Plaintiff's Original Petition.

27.     HTA denies the allegations set forth in paragraph 27 of Plaintiff's Original Petition.

28.     HTA denies the allegations set forth in paragraph 28 of Plaintiff's Original Petition.

29.     HTA denies the allegations set forth in paragraph 29 of Plaintiff's Original Petition.

## COUNT II

### DECLARATORY JUDGMENT

30. HTA restates its responses to paragraphs 1-29 in response to the allegations set forth in paragraph 30 of Plaintiff's Original Petition.

31. HTA denies the allegations set forth in paragraph 31 of Plaintiff's Original Petition.

32. HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter, and further denies all remaining allegations set forth in paragraph 32 of Plaintiff's Original Petition.

33. HTA admits that HTA's tolling solutions are optional. HTA lacks sufficient information or belief to either admit or deny the remaining allegations in paragraph 33. HTA denies that any of the allegations set forth in paragraph 33 give rise to any cause of action or liability on its part.

34. HTA denies the allegations set forth in paragraph 34 of Plaintiff's Original Petition.

35. HTA denies the allegations set forth in paragraph 35 of Plaintiff's Original Petition.

## COUNT III

### DECLARATORY JUDGMENT

36. HTA restates its responses to paragraphs 1-35 in response to the allegations set forth in paragraph 36 of Plaintiff's Original Petition.

37. HTA admits that a September 30, 2014 letter was sent to BancPass on its behalf, but denies that said letter gives rise to any actionable claims or causes of action or that HTA is liable to Plaintiff as a result of said letter, and further denies all remaining allegations set forth in paragraph 37 of Plaintiff's Original Petition.

38. HTA denies the allegations set forth in paragraph 38 of Plaintiff's Original Petition.

39. HTA denies the allegations set forth in paragraph 39 of Plaintiff's Original Petition.

40. HTA denies the allegations set forth in paragraph 40 of Plaintiff's Original Petition.

41. HTA denies the allegations set forth in paragraph 41 of Plaintiff's Original Petition.

42. HTA denies the allegations set forth in paragraph 42 of Plaintiff's Original Petition.

## VII.  RULE 47 STATEMENT

43. HTA denies Plaintiff is entitled to any damages whatsoever.

## VIII.  JURY DEMAND

44. Plaintiff's statement does not require an admission or denial.

## IX.  PRAYER FOR RELIEF

HTA denies that Plaintiff is entitled to any of the relief set forth in subparts (a) through (g) of the Prayer for Relief.

## HTA's AFFIRMATIVE DEFENSES

1. **First Affirmative Defense:** Plaintiff's Original Petition fails to set forth a claim upon which relief can be granted.

2. **Second Affirmative Defense:** Plaintiff lacks standing to bring some or all of its claims.

3. **Third Affirmative Defense:** Plaintiff has not suffered any antitrust injury.

4. **Fourth Affirmative Defense:** The alleged injuries and damages suffered by Plaintiff, if any, were caused by the acts and omissions of third parties over whom HTA had no control.

5. **Fifth Affirmative Defense:** Plaintiff's Sherman Act claim must fail because Plaintiff has failed to allege or establish any injury to competition in a properly defined relevant geographic or product market.

6. **Sixth Affirmative Defense:** Plaintiff's Sherman Act claim must fail because Plaintiff has failed to allege or establish that HTA has any market power in a properly defined relevant geographic or product market.

7. **Seventh Affirmative Defense:** The relief sought by Plaintiff is barred in whole or in part because the alleged damages sought are too speculative and uncertain.

8. **Eighth Affirmative Defense:** Plaintiff has failed to properly define a relevant geographic market or relevant product market. To the extent Plaintiff has alleged a geographic market or submarkets, those markets and submarkets are flawed and cannot be the basis for any relief under the Sherman Act or TFEAA.

9. **Ninth Affirmative Defense:** The alleged conduct of HTA was not the cause or proximate cause of any losses alleged in Plaintiff's Original Petition.

10. ***Tenth Affirmative Defense:*** To the extent that Plaintiff alleges that HTA acted to interfere with Plaintiff's current or prospective contracts, HTA's actions were privileged and/or justified.

11. ***Eleventh Affirmative Defense:*** Plaintiff fails to allege any actual contracts that were the subject of alleged interference.

12. ***Twelfth Affirmative Defense:*** Plaintiff does not have standing to seek a declaration regarding contracts to which it is not a party or third party beneficiary.

WHEREFORE, Defendant HTA requests this Court to deny all of Plaintiff's counts and claims for relief, dismiss this action with prejudice and enter judgment in favor of HTA.

Dated:  December 31, 2014.

        **GREENBERG TRAURIG LLP**

By:   */s/ Gregory J. Casas*
       Gregory J. Casas
       State Bar No. 00787213
       E-Mail:  casasg@gtlaw.com
       Elizabeth Ross Hadley
       State Bar No. 24063085
       E-Mail:  hadleye@gtlaw.com
       300 West 6th Street, Suite 2050
       Austin, Texas 78701
       Telephone: (512) 320-7200
       Facsimile:  (512) 320-7210

       **Attorneys for Defendant Highway Toll Administration, LLC**

**CERTIFICATE OF SERVICE**

      I, the undersigned counsel do hereby certify that on this 31st day of December, 2014, I electronically filed the foregoing with the Clerk of the Court through CM/ECF system, which shall send electronic notification of such filing to all counsel of record in this case, and served any non-ECF participants by Registered E-mail.

      /s/ *Gregory J. Casas*
      Gregory J. Casas