IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BANCPASS, INC. | § | |
| | § | |
|     Plaintiff/Counter-Defendant, | § | |
| | § | |
| vs. | § | |
| | § | |
| HIGHWAY TOLL ADMINISTRATION, LLC, | § | CIVIL ACTION NO. 1:14-CV-01062-SS |
| | § | |
| | § | |
|     Defendant/Counter-Plaintiff | § | |

## DEFENDANT HIGHWAY TOLL ADMINISTRATION, LLC'S SURREPLY TO PLAINTIFF'S MOTION TO ENFORCE DISCOVERY AGREEMENT AND MOTION TO COMPEL

Defendant Highway Toll Administration, LLC ("HTA") files this Surreply to Plaintiff BancPass, Inc.'s ("BancPass") Motion to Enforce Discovery Agreements and Motion to Compel to address issues raised in BancPass's Reply In Support of the Motion to Compel. [DKT 65]. The issues and arguments raised in BancPass's Reply are generally addressed in HTA's Response in Opposition to BancPass's Motion to Compel. [DKT 62]. However, HTA wishes to address a single issue discussed in BancPass's Reply—the timeliness of BancPass's request that HTA retract its allegedly defamatory statements.

In HTA's Response to BancPass's Motion to Compel, HTA argues that BancPass is barred as a matter of law from recovering exemplary damages for its defamation claim because BancPass failed to request a retraction within ninety (90) days of "receiving knowledge of a publication." *See* TEX. CIV. PRAC. & REM. CODE § 73.055(c). In its Reply, BancPass asserts that it included a request for retraction in its Rule 408 Settlement Offer, sent to HTA's counsel on July 1, 2015. [DKT 65, pp. 4-5]. HTA concedes that the Settlement Offer contains a demand for

1

retraction, but HTA has yet to determine whether the request satisfies the statutory requirements for a request under 73.055(d).

However, for purposes of preserving the availability of exemplary damages, BancPass's demand for retraction is timely, if at all, only with respect to HTA's allegedly defamatory letters to Google Inc. and Apple Inc.[1]  As discussed in more detail in HTA's Response and its separate Motion to Compel, BancPass alleges that HTA sent defamatory letters to TxDOT and spread false rumors to IBTTA Members.[2]  Even if these alleged statements were in fact defamatory, BancPass learned about HTA's letter to TxDOT and alleged statements to IBTTA members in September and October of 2014, more than 200 days before BancPass issued its request for retraction on July 1, 2015.  Thus, BancPass is barred from seeking exemplary damages in connection with these alleged defamatory statements because it did not request a retraction within ninety days of learning of HTA's alleged statements.

Furthermore, as HTA will discuss in its Motion for Summary Judgment, HTA's letters to Apple and Google express legal opinions concerning whether a customer's use of BancPass's PToll application breaches that customer's rental agreements.  Because these statements are merely opinions regarding unsettled questions of law—and not statements of fact—they cannot, as a matter of law, support a defamation claim.

Therefore, BancPass is barred from seeking exemplary damages with respect to all but HTA's alleged defamatory letters to Apple and Google.  Given that the letters to Apple and Google cannot, as a matter of law, support a claim for defamation, the Court should deny

---

[1] HTA produced its letters to Apple and Google to BancPass on April 10, 2015, exactly eight-two (82) days before BancPass sent its 408 Settlement Offer.  However, HTA does not concede that BancPass's request for retraction is timely with respect to the Google and Apple letters because HTA warned BancPass that these letters would be sent in September of 2014, and BancPass learned that at least Google took action on this letter in October 2014.  Thus, BancPass knew that HTA sent letters regarding the PToll's tortious interference to Apple and Google more than 200 days before it sent its request for retraction, well beyond the ninety day limit for recovering exemplary damages.

[2] HTA's Motion to Compel is attached as Exhibit A to HTA's Motion for Leave to File a Motion to Compel. [DKT 67, pp. 7-9].

BancPass's request to compel the production of HTA's revenue information, as that information is not relevant to any issue in this case.[3]

Dated:  May11, 2016.                    Respectfully submitted,

                                                                    **GREENBERG TRAURIG LLP**

                                                                    */s/ Gregory J. Casas*
                                                                    Gregory J. Casas
Texas Bar No. 00787213
Email: casasg@gtlaw.com
Alan W. Hersh
Texas Bar No. 24080944
Email: hersha@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Tel: 512.320.7200
Fax: 512.320.7210

**ATTORNEYS FOR DEFENDANT,
HIGHWAY TOLL ADMINISTRATION, LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on May11, 2016.

                                                                    /s/ Gregory J. Casas
                                                                    Gregory J. Casas

---

[3] As discussed more fully in HTA's Motion to Bifurcate, BancPass's assertions that HTA's revenue is relevant to show that BancPass's marketing decisions were reasonable is unavailing given that BancPass did not know HTA's revenue when it made those marketing decisions, and thus cannot rely on a competitor's revenue as an ex post justification for marketing. [DKT 68, p. 3, n.2]. Similarly, BancPass's assertion that HTA's revenue shows motive to defame is also without merit, as "[a]ctual malice within the defamation context does not include ill will, spite or evil motive, but rather requires sufficient evidence to permit the conclusion that defendant in fact entertained serious doubts as to the truth of his publication." *Hagler v. Proctor & Bamble Mfg., Co.*, 884 S.W.2d 771, 771-72 (Tex. 1994) (per curiam) (internal quotations omitted).

AUS 536519881v3